UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARTON WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>LAURIE SMITH,<br><br>            Defendant. | Case No. 20-cv-08560-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; SETTING BRIEFING SCHEDULE; VACATING SCHEDULING ORDER; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 8 |

Pro se plaintiff Barton Williams, a prisoner at Kern Valley State Prison ("KVSP"), filed suit in Santa Clara County Superior Court against Sheriff Laurie Smith of Santa Clara County for alleged constitutional violations occurring while Mr. Williams was temporarily housed at Santa Clara County Jail in San Jose, California. Defendant removed the action to this Court under 28 U.S.C. § 1441(a)(c). Dkt. No. 1. All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 11.

I.  **STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

Defendant removed this action to federal court on the grounds that it involves a federal question. Dkt. No. 1 at 1 (citing 28 U.S.C. § 1441(a)(c)). To state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question. *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam). The complaint asserts violations of rights under the Eighth and Fourteenth Amendments. Dkt. No. 1-1 at 7, 8. Accordingly, the Court will liberally construe the complaint as a civil rights action under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

To state a claim for relief under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  BACKGROUND

Mr. Williams states that on or about August 23, 2018, he was transferred from KVSP to Santa Clara County Jail ("Jail") for "further court proceedings." Dkt. No. 1-1 at 5. When he arrived at the Jail, KVSP had sent along a medical order sheet listing Mr. Williams's medical/chronic care instructions and a current list of pain medication. *Id.* A "booking nurse" reviewed his medical records upon arrival and informed Mr. Williams that she was unable to give him his medication but that the Jail doctor would see him the next day. *Id.* Mr. Williams's medical needs included pain medication for his injured knee and ankle. *Id.* at 6–7. Mr. Williams's efforts to obtain medical care included making daily inquiries to the pill call nurse, filing several in-house grievances, having his attorney contact the jail medical staff, and obtaining paperwork from his parole officer showing his medical needs. *Id.* at 5–6. However, Mr. Williams was not seen by a doctor for almost the entire time he was at the Jail, i.e., from August 23, 2018, through September 27, 2018. *Id.* It was not until two days before his transfer back to KVSP that

he was finally seen by Dr. Emilee Wilhelm, who examined him and took x-rays of his injured knee and ankle but still refused to provide medication that had been prescribed by "CDCR doctors." *Id.* at 6–7.

Mr. Williams says he suffered needlessly due to the deliberate indifference and negligence of the Jail medical staff. *Id.* at 8. Mr. Williams claims defendant Sheriff Laurie Smith is liable for the violation of his Eighth Amendment right to be free from cruel and unusual punishment because she oversees jail operations and "is aware . . . the medical departments assigned to the jail is inadequate and that the prisoners are being denied medical care and being delayed care as stated in an ongoing class action lawsuit." *Id.* at 7. Mr. Williams also claims Sheriff Smith violated his right to due process under the Fourteenth Amendment "by depriving [him] of an opportunity to aggrieve the conditions of his confinement and denial of medical treatment." *Id.* at 9. Mr. Williams seeks declaratory relief as well as damages. *Id.* at 9.

## III. DISCUSSION

### A. Plaintiff's Claims

Liberally construed, Mr. Williams's allegations are sufficient to state a cognizable § 1983 claim for deliberate indifference to serious medical needs under the Eighth Amendment against Sheriff Smith based on supervisor liability. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates the Eighth Amendment); *Henry A. v. Willden*, 678 F.3d 991, 1003–d04 (9th Cir. 2012) (supervisor may be liable under § 1983 upon showing of either person involvement in the constitutional deprivation or sufficient causal connection between supervisor's wrongful conduct and the constitutional violation). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his

3

1 subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883
2 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208).

3 On the other hand, Mr. Williams's allegations fail to state a due process claim under the Fourteenth Amendment. California Code of Regulations, Title 15 sections 1073 and 3084, grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.[1] The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards. Instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same). A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. *See Buckley*, 997 F.2d at 495; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Here, there are no factual allegations to support Mr. Williams's claim that Sheriff Smith "deprived" him of the opportunity to file grievances while at the Jail. Rather, Mr. Williams states that he did file in-house grievances "and was not granted medical care." Dkt. No. 1-1 at 6, ¶ 8. The allegation that he did not receive a satisfactory response to his grievances does not state a claim for a violation of any due process rights. Lastly, although Mr. Williams has a right under the First Amendment to pursue prison grievances, there is no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the

---

[1] *See* Cal. Code Regs. tit. 15 § 1073 (applicable to county jails) and § 3084, et seq. (applicable to state prisons).

4

government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Accordingly, Mr. Williams's due process claim is dismissed for failure to state a claim upon which relief may be granted.

### B. Motion for Appointment of Counsel

Mr. Williams moves for appointment of counsel based on his indigency, the complexity of the issues, limited access to law library, and limited legal knowledge. Dkt. No. 8 at 1–2. He also asserts that counsel would be helpful in the event of a trial. *Id.* at 2. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Here, the challenges Mr. Williams describes do not amount to the kind of exceptional circumstances that warrant appointment of counsel at this time. Accordingly, his motion is denied. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such appointment.

### IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Mr. Williams's due process claim is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1), (2). This action shall proceed solely on the Eighth Amendment deliberate indifference claim against Sheriff Smith.

2. Mr. Williams's motion for appointment of counsel is denied for lack of exceptional circumstances.

3. All communications from Mr. Williams to the Court must be served on defendant

or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

4. No later than **ninety-one** (**91) days** from the filing date of this order, defendant may file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event defendant files a motion for summary judgment, the Ninth Circuit has held that, as a pro se prisoner, Mr. Williams must be concurrently provided the appropriate warnings under** *Rand v. Rowland*, **154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, **684 F.3d 934, 940 (9th Cir. 2012).**

5. Mr. Williams's opposition to any dispositive motion shall be filed with the Court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. The Court advises Mr. Williams to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Mr. Williams is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by Mr. Williams to the granting of the motion, and granting of judgment against Mr. Williams without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after Mr. Williams's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. **Accordingly, the**

6

**case management scheduling order setting a conference for March 9, 2021 (Dkt. No. 4) is hereby VACATED.**

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Mr. Williams's responsibility to prosecute this case. Mr. Williams must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated: February 22, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge